**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TATCHA, LLC,<br><br>Plaintiff,<br>vs.<br><br>TATCH INC.,<br><br>Defendant. | Civil Action No. 1:21-cv-4549<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tatcha, LLC, by and through its attorneys, DLA Piper LLP (US), hereby files this Complaint against Defendant Tatch Inc. alleging as follows:

**THE PARTIES**

1. Plaintiff Tatcha, LLC ("Tatcha" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 1517 North Point Street, Suite 553, North Point Street, San Francisco, California 94123.

2. Defendant Tatch Inc. ("Tatch" or "Defendant") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 234 Fifth Avenue New York, New York 10001.

**JURISDICTION AND VENUE**

3. Through this Complaint, Tatcha asserts claims against Tatch that arise under the Lanham Act, as amended, 15 U.S.C. § 1051, *et seq*.

4. The Court has original subject matter jurisdiction over Tatcha's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121(a), because Tatcha's claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

5. Jurisdiction over the common law claim is also appropriate under 28 U.S.C. § 1367(a) because that claim is substantially related to the federal Lanham Act claims.

6. The Court has personal jurisdiction over Tatcha in that Tatch resides in this State; transacts business in this State; has a principal place of business in this State; and has substantial contacts with this State.

7. Venue is proper in the United States District Court for Southern District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) because Tatch's principal place of business is in this judicial district and because, under 28 U.S.C. §§ 1391(b)(2)-(3), a substantial part of the events giving rise to the claims herein occurred in this judicial district, and Tatch is subject to the Court's personal jurisdiction for the claims alleged herein.

## GENERAL ALLEGATIONS

### Tatcha's TATCHA Marks

8. For more than a decade, Tatcha has used the trademark TATCHA as its corporate name and primary trademark in connection with a wide variety of products and services, including cosmetics, beauty and wellness products and services.

9. Many of these products and services under the TATCHA mark are advertised and sold in a variety of online and brick and mortar retailers, including through Tatcha's website at www.tatcha.com.

10. In recognition of the value of its trademark rights in the TATCHA trademark, TATCHA logo and Composite TATCHA & Logo mark (as defined below), Tatcha applied for and now owns the following U.S. trademark registrations, three of which have reached incontestable status, for the these Tatcha trademarks:

| Trademark | Classes Covered | Reg. No. | Reg. Date |
|---|---|---|---|
| TATCHA | Class 3: Cosmetics<br><br>Class 35: Online retail store services in the field of cosmetics and beauty products | 3,765,375 | March 23, 2010 |
| T A T C H A | Class 3: Cosmetics<br><br>Class 35: Online retail store services in the field of cosmetics and beauty products | 4,305,292 | March 19, 2013 |
| TATCHA | Class 44: Beauty consultation services | 5,775,819 | June 11, 2019 |
| TATCHA | Class 14: Bracelets; jewelry; jewelry boxes | 5,300,811 | October 3, 2017 |
| TATCHA | Class 20: Hand-held folding fans | 5,301,081 | October 3, 2017 |
| TATCHA | Class 21: Tea sets; trays for domestic purposes; serving trays; decorative trays for household purposes; bowls; brushes used to clean, smooth and exfoliate skin | 5,358,599 | October 3, 2017 |
| TATCHA | Class 25: Scarves | 5,501,792 | June 26, 2018 |
| TATCHA | Class 18: Cosmetic bags sold empty; Make-up bags sold empty | 5,575,432 | October 2, 2018 |
| | Class 3: Cosmetics<br><br>Class 35: Online retail store services in the field of cosmetics and beauty products | 4,211,415 | September 18, 2012 |
| | Class 14: Bracelets, jewelry, jewelry boxes. | 5,300,812 | October 3, 2017 |
| | Class 20: Hand-held folding fans | 5,301,077 | October 3, 2017 |

| Trademark | Classes Covered | Reg. No. | Reg. Date |
|---|---|---|---|
| | Class 21: Tea sets; trays; serving trays; decorative trays; works of art made of glass; beverage glassware; tumblers; bowls; brushes used to clean, smooth and exfoliate skin. | 5,358,568 | December 19, 2017 |
| | Class 18: Cosmetic bags sold empty; make-up bags sold empty. | 5,575,437 | October 2, 2018 |
| | Class 25: Kimonos, scarves. | 5,575,955 | October 2, 2018 |

11. All of the foregoing registrations are in full force and effect and, Registration Nos. 3,765,375, 4,211,415 and 4,305,292 are incontestable under 15 U.S.C. § 1065.

12. In addition to its significant portfolio of registered marks, Tatcha also owns common law rights in the TATCHA Marks arising from use of these marks in connection with health, wellness, cosmetics, beauty, informational and lifestyle goods and services.

13. For example, Tatcha has also adopted and for many years has prominently used a combination of its TATCHA word mark and distinctive Tatcha logo aligned horizontally, with the log preceding the word mark, as appears below (hereafter the "Tatcha Composite Logo").






14. The aforementioned registrations and marks set forth in paragraphs 10-13 are hereinafter collectively referred to as the "TATCHA Marks," and certificates of registration for each registration shown above are attached as Exhibit 1.

15. TATCHA has no meaning or definition and is thus a coined and arbitrary trademark with no descriptive significance in connection with the goods or services Tatcha offers and is inherently distinctive.

16. The design element in the Tatcha Composite Logo is also a highly stylized, unique design which is inherently distinctive.

17. In addition to being strong and inherently distinctive marks, the TATCHA Marks have also achieved secondary meaning by virtue of Tatcha's extensive and longstanding use of and advertising for said marks.

18. Through its substantial effort and skill, Tatcha has built an extensive and favorable reputation for its brand, products and services under the TATCHA Marks, and it has enjoyed considerable commercial success.

19. Tatcha and its products and services under the TATCHA Marks have been featured in nationwide publications such as the Wall Street Journal, Forbes, Vanity Fair, Elle, and others.

20. Many celebrities and lifestyle influencers, including Megan Markle, Kim Kardashian and Selena Gomez, have applauded and/or spoken highly of Tatcha's TATCHA branded goods and services.

21. Tatcha sells a wide variety of products and services under its TATCHA Marks.

22. TATCHA® products include products designed for customers to apply before going to sleep each night and to work effectively while users sleep, including, without limitation, the following products:






23. Additionally, Tatcha under the TATCHA Marks publishes, and has published for a number of years, blogs and informational content addressing individual health and wellness, including the importance of sleep and cultivating good sleep habits, examples of which appear below.




Sleeping—even just thinking or reading about it—is one of my very favorite things. My passion for the splendor of slumber began five years ago, just as Tatcha became a reality and my daughter, Alea, was born. Starting a company while caring for a newborn and travelling became my wake-up call on the subject of sleep.



TATCHA

8 THINGS TO DO TONIGHT FOR A BRIGHTER TOMORROW

Dear Friend,

My time in Japan has taught me to reflect on little things to do with my loved ones that make each day more meaningful. While many positive practices and encouraging affirmations are perfect for starting your day, I feel that nighttime is often overlooked in its potential for self-care, mindfulness, and establishing good habits to create a brighter tomorrow.

1. **Wash the day away** — There is something cathartic about washing away the day. This used to be a rush-through routine for me, but ever since I started using a cleansing oil, it has become my favorite way to kick off a nighttime ritual. Fully removing your makeup and cleansing before going to sleep is one of the best things you can do for your skin in the long term. Tatcha's Pure One Step Camellia Cleansing Oil gently removes impurities, even the toughest waterproof makeup, allowing you to sleep soundly with pure, silky soft skin. What I really love, though, is the little facial message you automatically give yourself when using a cleansing oil. No matter what happened during the day, this ritual rinses the worries away for me.

24. As a result of these activities, Tatcha has built a strong and favorable reputation in the fields of beauty, health, wellness and healthful and preventive practices under its widely regarded TATCHA trademark.

**<u>Tatch's Unlawful Activities</u>**.

25. Upon information and belief, sometime after its formation in 2017, Tatch began promoting to potential investors a consumer-level health and wellness product under the name TATCH which is designed to help consumers monitor sleep to cultivate good and healthful sleep habits.

26. Upon information and belief, sometime thereafter, Tatch began advertising a health and wellness product to consumers under the name TATCH which Tatch promotes as a device that

users apply before going to sleep and which works while users sleep to cultivate better health and good sleep habits.

27. In addition, Tatch also adopted and uses the TATCH mark in the following design form, which incorporates a circular design element and the word TATCH in all capitalized letters (hereafter "Tatch's Composite Mark"):




28. This mark, together with the TATCH word mark, are hereinafter referred to the "TATCH Marks."

29. Tatch advertises its business company on Linkedin under the TATCH Marks as a "health, wellness and fitness," as is seen below:




30. When Tatch's Linkedin page is depicted, the social media platform identifies plaintiff Tatcha as a "Similar Page" as is seen below:




31. In addition, a Google Images search for "Tatch sleep test" identifies images of the Tatcha Composite Logo side-by-side with Tatch's Composite Mark as is shown below:



32. On January 8, 2021, Tatcha, through its attorney, sent a letter to Tatch, requesting that it cease use of the TATCH Marks to prevent a likelihood of confusion amongst health and wellness consumers.

33. Notwithstanding Tatcha's demands, Tatch's website as described above remains active and continues to advertise Tatch's products under the TATCH Marks.

34. Upon information and belief, Tatch continues to offer products, including its sleep monitoring products under the TATCH Marks without Tatcha's authorization.

35. Tatch's unauthorized use of the TATCH Marks has caused and is likely to cause confusion, mistake, and deception as to the source or origin of both Tatcha and Tatch's products, and is likely to falsely suggest a sponsorship, affiliation, connection, or association between the two parties and their respective businesses, goods and services.

36. Tatch's unauthorized use of the TATCH Marks has damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Tatcha, its reputation, and goodwill, the TATCHA Marks, and the public's interest in being free from confusion.

37. Tatch has known and still knows that its use of the TATCH Marks is neither permitted nor authorized by Tatcha. As a result, Tatch has acted knowingly, willfully, in reckless disregard of Tatcha's rights, and in bad faith.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**

38. Tatcha realleges the allegations contained in paragraphs 1 through 38, inclusive, of this Complaint as though fully set forth herein.

39. Tatch's actions described above, and specifically, without limitation, its unauthorized use of the TATCH Marks which are confusingly similar to Tatcha's TATCHA Marks in commerce to advertise, promote, market, and sell Tatch's services throughout the United States, including in New York, constitute infringement of Tatcha's federally-registered trademarks, namely, Registration Nos. 3765375, 4305292, 5775819, 5300811, 5301081, 5358599, 5501792, 5575432, 5300812, 5301077, 5358568, 5575437 and 5575955 in violation of 15 U.S.C. §1114.

40. Tatch's actions, if not enjoined, will continue. Tatcha has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with Tatcha's registered TATCHA Marks and injury to Tatcha's business. Tatcha is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

41. Pursuant to 15 U.S.C. §1117, Tatcha is entitled to recover damages in an amount to be determined at trial, profits made by Tatch in connection with its unauthorized use of Tatch's TATCH Marks, and the costs of this action.

42. Upon information and belief, Tatch's actions are willful, and Tatch intentionally caused and continues to cause confusion, mistake, or deception, making this an exceptional case entitling Tatcha to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**SECOND CLAIM FOR RELIEF**
**Unfair Competition and False Designation of Origin**
**(15 U.S.C. 1125(a))**

43. Tatcha realleges the allegations contained in paragraphs 1 through 42, inclusive, of this Complaint as though fully set forth herein.

44. Tatch's actions described above, and specifically, without limitation, its unauthorized use of the TATCH Marks which are confusingly similar to the TATCHA Marks in commerce to advertise, promote, market, and sell Tatch's services throughout the United States, including in New York, constitute federal unfair competition and trademark infringement in violation of 15 U.S.C. § 1125(a).

45. Tatch's actions, if not enjoined, will continue. Tatcha has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the TATCHA Marks and injury to Tatcha's business. Tatcha is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

46. Pursuant to 15 U.S.C. § 1117, Tatcha is entitled to recover damages in an amount to be determined at trial, profits made by Tatch in connection with its unauthorized use of the TATCH Marks, and the costs of this action.

**THIRD CLAIM FOR RELIEF**
**Common Law Unfair Competition**

47. Tatcha realleges the allegations contained in paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth herein.

48. Tatch's actions complained of herein constitute unfair competition under the common law of the State of New York.

49. Tatch's actions have caused and will likely continue to cause confusion, mistake, and deception among consumers.

50. Tatch's unfair competition has caused and will continue to cause damage to Tatcha, including irreparable harm for which there is no adequate remedy at law.

51. As a consequence of Tatch's unfair competition, Tatcha is entitled to damages and injunctive relief ordering Tatch to cease this unfair competition.

**FOURTH CLAIM FOR RELIEF**
**Dilution (NY Gen. Bus. L. § 360-L)**

52. Tatcha realleges the allegations contained in paragraphs 1 through 51, inclusive, of this Complaint as though fully set forth herein.

53. Tatch's actions complained of herein constitute dilution under New York General Business Law 360-L.

54. Tatcha's TATCHA Marks are strong marks which are inherently distinctive and/or acquired secondary meaning such that said marks have become so associated in the public's mind with Tatcha that they identify the goods and services sold by Tatcha as distinguishable by the goods and services sold by others.

55. Tatch's use of the TATCH mark and TATCH Composite Logo is likely to cause dilution by either blurring or tarnishment of the TATCHA Marks.

56. As a consequence of Tatch's actions of dilution, Tatcha is entitled to injunctive relief ordering Tatch to cease this dilution.

**PRAYER FOR RELIEF**

**WHEREFORE**, Tatcha demands judgment against Tatch as follows:

1. Declaring that Tatch has committed and is committing acts of trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114 and 1125(a) and common law; and that Tatch has willfully and knowingly committed and is committing acts of trademark

infringement in violation of 15 U.S.C. §§ 1114 and 1125(a), NY Gen. Bus. L. § 360-L and common law;

2. Awarding injunctive relief under 15 U.S.C. § 1051 *et seq.* restraining and enjoining Tatch and its agents, partners, servants, employees, officers, attorneys, managers, successors and assigns, and all persons acting in concert with or on behalf of Tatch, from:

a. using, imitating, copying, or making any other infringing use of the TATCHA Marks and any other mark now or hereafter confusingly similar or identical thereto, including, but not limited to, the TATCHA Marks;

b. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any goods or services under any simulation, reproduction, counterfeit, copy, or colorable imitation of the TATCHA Marks, including, but not limited to, the TATCH Marks;

c. using any false designation of origin or false description or statement which can or is likely to lead the trade or public or individuals erroneously to believe that any good or service has been provided, produced, distributed, offered for distribution, circulated, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Tatcha, when such is not true in fact;

d. using any mark identical or confusingly similar to the TATCHA Marks, including, without limitation, TATCH Marks;

e. engaging in any other activity constituting an infringement of the TATCHA Marks or of Tatcha rights in, or right to use or to exploit, said TATCHA Marks; and

f. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

3. Ordering Tatch to hold in trust, as constructive trustees for the benefit of Tatcha, its profits obtained from its provision of Tatch's goods and services under the TATCH Marks;

4. Ordering Tatch to provide Tatcha a full and complete accounting of all amounts due and owing to Tatcha's as a result of Tatch's illegal activities;

5. Ordering Tatch to pay Tatcha damages and Tatch's profits pursuant to 15 U.S.C. § 1117(a) for Tatch's willful violation of the TATCHA Marks;

6. Ordering Tatch to pay trebled damages for the damages sustained by Tatcha that are attributable to Tatch's willful and knowing infringement of Tatcha's federally-registered trademarks;

7. Ordering Tatch to pay to Tatcha both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action; and

8. Granting Tatcha such other and additional relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Tatcha, LLC hereby demands a jury trial on all issues so triable of right.

Dated: May 20, 2021

*/s/ Tamar Y. Duvdevani*

DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4500

*Attorneys for Plaintiff Tatcha, LLC*